AO 91 (Rev. 11/11) Criminal Complaint  AUSA Emily Vermylen (312) 469-6309

**FILED**
7/8/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MELVIN DOYLE | CASE NUMBER: 25 CR 367 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 20, 2025, in the Northern District of Illinois, Eastern Division, the defendant violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Glock pistol, Model 23 Gen 5, 0.40 caliber, bearing serial number BVLE670, which firearm had traveled in interstate and foreign commerce prior to defendant's possession of the firearm |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

*(signature)*
ISKAR E. SMITH
Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: July 8, 2025

*Laura K. McNally*
*Judge's signature*

City and state: Chicago, Illinois

LAURA K. MCNALLY, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

I, ISKAR E. SMITH, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). I have been so employed since approximately June 2021. As part of my duties as an ATF Special Agent, I investigate violations of the Gun Control Act of 1968, National Firearms Act of 1934, and other federal firearms statutes relating to the unlawful possession and trafficking of firearms. I have received training in the history of firearms laws and regulations, firearms criminal violations, interstate controls, firearms identification, and investigative call/social media analysis. I have attended training at the Federal Law Enforcement Training Center in Brunswick, Georgia.

2. This affidavit is submitted in support of a criminal complaint alleging that MELVIN DOYLE has violated Title 18, United States Code, Section 922(g)(1) (the "**Subject Offense**"). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint charging DOYLE with the **Subject Offense**, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the **Subject Offense**.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, physical surveillance, my review of audio and video recordings, as well as open source and law enforcement databases. This affidavit is intended to show only that there is sufficient probable cause for the requested arrest warrant and does not set forth all of my knowledge about this matter.

I. **SUMMARY OF PROBABLE CAUSE**

4. As described in detail below, on May 20, 2025, DOYLE possessed and sold a Glock pistol, Model 23 Gen 5, 0.40 caliber, bearing serial number BVLE670, to two ATF confidential informants, CI-1[1] and CI-2[2] (collectively, the "CIs"), for $800. The purchase occurred at DOYLE's residence in the 5800 block of South Martin Luther King Drive in Chicago, Illinois (hereinafter the "King Drive Residence").

5. CI-1 communicated with DOLYE through phone calls and text messages to arrange this firearm transaction, including communications regarding the price of

---

[1] CI-1 has been working as a confidential informant with the Chicago Police Department since 2021, and as a confidential informant for ATF since January 2022 for monetary compensation. As of the date of this affidavit, the CI has been paid approximately $47,450 in ATF funds. According to law enforcement databases, CI-1 has the following convictions: a conviction for obstructing justice/destroying evidence; a retail theft conviction; and two battery convictions. I believe that the information provided by CI-1 is credible and reliable because, among other reasons, it has been corroborated by members of law enforcement and has led to the seizure of firearms.

[2] CI-2 has been working as a confidential informant for ATF since December 2022 for monetary compensation. According to law enforcement databases, CI-2 has the following convictions: a narcotics conviction; a conviction for illegal possession of a firearm; and a conviction for receiving stolen automobile parts. As of the date of this affidavit, CI-2 has been paid approximately $27, 350 in ATF funds. I believe that the information provided by CI-2 is credible and reliable because, among other reasons, CI-2's information has been corroborated by law enforcement and has led to the seizure of firearms.

2

the firearm and other details. The firearm transaction was audio and video-recorded and contemporaneously observed by law enforcement surveillance units.

## II. May 18-20, 2025, CI-1 Arranges for the Purchase of a Glock Pistol from DOYLE.

6. According to CI-1, CI-1 has known DOYLE since the summer of 2022. According to C1-1, C1-1 previously purchased a firearm from DOYLE in approximately 2022.

7. Between on or about May 18, 2025 and May 20, 2025, CI-1 exchanged a series of text messages with DOYLE, who was using phone number (312) 686-3365 (the "Doyle Phone").[3]

8. Based on my review of CI-1's text messages, CI-1 arranged to meet with DOYLE to purchase one Glock pistol. Specifically, on or about May 18, 2025, DOYLE sent an image via text message to CI-1 depicting a purple-colored Glock pistol, as depicted below:

---

[3] The communications with DOYLE were consensually recorded. Some of the consensually recorded conversations have been summarized in this Affidavit. The summaries do not include all statements made or topics covered during the recorded conversations. To the extent that portions of the consensually recorded conversation appear in quotations herein, the words appearing within quotation marks are based on draft summaries of the consensually recorded conversations, and not on final transcripts of the conversations. In some instances, I have included my interpretations of the quoted language in brackets. My interpretations are based on the contents and context of the consensually recorded conversations, my training and experience as a Special Agent, my knowledge of this investigation as whole, and information provided by other law enforcement officers assigned to this investigation. The CIs text messages with DOYLE were consensually recorded by taking screenshots of the messages using the CIs' cell phones. The text messages are preserved on the CIs cell phones.



9. Two days after DOYLE texted CI-1 the above image of the purple-colored Glock pistol, on or about May 20, 2025, DOYLE sent a text message to CI-1 stating that his "partner got that Gen 23," meaning that his partner in the gun selling business had the above-depicted purple-colored Glock pistol for sale. CI-1 asked the price of the firearm, stating, "How much he [DOYLE's partner] want for it[?]" DOYLE replied "8 [$800.00]." CI-1 texted DOYLE that CI-1 would bring CI-1's associate to "take it today [pick up the firearm today]" because the firearm was for CI-1's associate. DOYLE responded that he would "go grab it [the purple-colored Glock pistol]" from DOYLE's partner.

III. **May 20, 2025, The CIs Purchase a Glock Pistol from DOYLE.**

10. On May 20, 2025, the CIs met with law enforcement at a pre-arranged meeting location. Prior to departing the staging location, the CIs and their vehicle were searched for contraband with negative results. The CIs were also provided with pre-recorded U.S. currency to conduct the transaction and equipped with audio and

4

video recording equipment. At approximately 4:23 p.m., law enforcement established surveillance at and around the King Drive residence. At approximately 4:20 p.m., the CIs departed the staging location to conduct the transaction.

11. According to CI-1, he knew that the transaction would be conducted at the King Drive Residence because he knew that to be DOYLE's residence. According to a law enforcement database, the King Drive Residence is listed as DOYLE's residence on his Illinois state driver's license. At approximately 4:29 p.m., law enforcement surveillance units observed the CIs park their vehicle in front of the King Drive Residence. Shortly afterwards, the CIs exited their vehicle and walked up to the front door of King Drive Residence. Surveillance units observed DOYLE[4] open the front door of King Drive Residence and allow the CIs to enter the vestibule. Afterwards, DOYLE and the CIs went further into the residence and the surveillance units lost sight of them.

12. Based on my review of the video recordings of the transaction, DOYLE opened the front door of the King Drive Residence and the CIs walked into the King Drive Residence. DOYLE walked into the hallway of the King Drive Residence. DOYLE handed an object, later identified as a Glock pistol, Model 23 Gen 5, 0.40 caliber, bearing serial number BVLE670, to CI-2. CI-1 stated, "that bitch [firearm] sexy." According to CI-1, C1-2 then racked the slide of the firearm. The video recording also captured a sound that was consistent with racking the slide of a

---

[4] Surveillance units identified DOYLE based on a comparison with his CPD booking photograph.

5

firearm, though the firearm is not visible at this point in the recording.[5] DOYLE then stated, "that's my personal too," meaning that the firearm that DOYLE had just handed to CI-2 was his personal firearm. Shortly afterwards, the video depicts DOYLE counting the pre-recorded buy money.

13. Based on my review of the video recordings, after counting the buy money, DOLYE explained to the CIs that he would be going to Alabama, stating "I'm going to Alabama," and that "I got five of 'em [firearms]." DOYLE then stated that he would have five firearms for sale, including "an AR pistol." DOYLE told the CIs that he would contact them when the firearms were available, stating, "I'll just call y'all." DOYLE also stated, "all I want is the travel fee [in exchange for the firearms]."

14. Based on my review of the video recordings and law enforcement surveillance, after the transaction concluded, the CIs left the King Drive Residence and returned to the staging location. The CIs turned over the firearm that DOYLE sold to them to law enforcement. Law enforcement identified the firearm as a Glock pistol, Model 23 Gen 5, 0.40 caliber, bearing serial number BVLE670.

15. On or about June 30, 2025, ATF examined the Glock pistol that DOYLE sold to the CIs on May 20, 2025, and determined that the firearm was manufactured outside of the state of Illinois.

---

[5] In my training and experience, it is common for a person who purchases a firearm from another individual to rack the slide in order to determine if the chamber is clear or loaded.

### IV. May 29-July7, 2025, CIs Purchase Additional Firearms from DOYLE.

16. Following the May 20, 2025 purchase of one firearm from DOYLE, some combination of CI-1, CI-2, and CI-3[6] purchased an additional twelve firearms from DOYLE, as detailed below. These transactions were arranged by the CIs via phone call and text message between the CIs and DOYLE, who was using the Doyle Phone number. The subsequent transactions with DOYLE occurred at a residence located in the 6600 block of South Champlain Avenue (the "Champlain Residence") and are summarized below.

17. On May 29, 2025, DOYLE met with CI-1 and CI-2 at the Champlain Residence and sold them one Glock 17, 9mm pistol, bearing serial number CDGH875, for $1,200.

18. On June 24, 2025, DOYLE met with CI-1 and CI-3 at the Champlain Residence and sold them three additional firearms for $3,800: (1) a Palmetto State Armory KAG-15, multicaliber rile, bearing serial number VOTE0003011; (2) a Palmetto State Armory, Dagger Compact, 9mm pistol bearing serial number JJE98733; and (3) a Ruger SR40 .40 caliber pistol, bearing serial number 342-14791.

---

[6] CI-3 has one felony conviction for burglary. CI-3 has worked with ATF from approximately February 2022 through the present. CI-3 is cooperating with ATF in exchange for consideration on federal firearm charges. CI-3 has also been paid approximately $31,500 for his/her cooperation with law enforcement. Law enforcement believes CI-3 to be a reliable source of information because information provided by CI-3 has been corroborated by recorded communications and surveillance and has led to the seizure of firearms and narcotics.

19. On July 1, 2025, DOYLE met with CI-1 and CI-3 at the Champlain Residence and sold them five firearms for $5,000: (1) a Masterpiece Arms MPA930, 9mm pistol bearing serial number F0580; (2) a Grand Power S.R.O. Stribog SP9A1 9mm pistol bearing serial number GSA19925; (3) a German Sports Guns, Firefly .22 caliber pistol, bearing serial number F504230; (4) a Walther PPS 9mm pistol bearing serial number AD9850; and (5) a Derya Arms VR-60 12 gauge shotgun bearing serial number R054372.

20. On July 7, 2025, DOYLE met with CI-1 and CI-3 and sold them three firearms for $3,000: (1) a Glock 23 Gen 4, 0.40 caliber pistol, bearing serial number XCU133; (2) a Haskell JHP 0.45 caliber pistol, bearing serial number 4395368; and (3) a Kimber Custom II Two Tone 0.45 caliber pistol, bearing serial number K769286.

21. Following the July 7, 2025 transaction, DOYLE was observed by law enforcement sitting in the driver's seat of a 2010 maroon Lincoln SUV bearing Illinois license plate EJ23838 (the "Lincoln SUV") at approximately 2:00 p.m., approximately one hour and fifty minutes after the transaction with the CIs. According to Illinois Secretary of State records, the Lincoln SUV is registered to DOYLE. The Lincoln SUV was parked at approximately the 6500 block of South Yale Avenue in Chicago, which is approximately 1.6 miles from the Champlain Residence where the transaction occurred.

22. DOYLE was wearing a pistol holster on his waist when he was arrested. The Glock pistol that CI-1 and CI-3 purchased from DOYLE during the July 7, 2025

transaction fit inside that holster. Law enforcement also recovered approximately $1,100 from DOYLE's shirt pocket in denominations of $100 bills.

23. Law enforcement recovered a black Samsung cellular phone in the center console of the Lincoln SUV. Law enforcement called the Doyle Phone number that DOYLE had used to communicate with the CIs and arrange the above-described transactions, and the recovered black Samsung phone rang.

### V. DOYLE is a Convicted Felon.

24. According to law enforcement databases and a query in the Cook County dockets database, DOYLE has been convicted of a felony punishable by a term of imprisonment exceeding one year, as follows: (1) on or about August 24, 1998, DOYLE was convicted of attempted murder in the Circuit Court of Cook County and sentenced to 10 years' imprisonment; (2) on or about April 3, 2003, DOYLE was convicted of manufacturing/delivering controlled substances in the Circuit Court of Cook County and sentenced to three years' imprisonment; and (3) on or about July 6, 2006, DOYLE was convicted of manufacturing/delivering 15-100 grams of heroin in the Circuit Court of Cook County and sentenced to five years' imprisonment.

25. According to records from the Illinois Department of Corrections, DOYLE has served more than a year of imprisonment on a single conviction.

### VI. CONCLUSION

26. Based on the foregoing, there is probable cause to believe that on or about May 20, 2025, DOYLE unlawfully possessed a firearm, knowing he had previously been convicted of a crime punishable by a term of imprisonment exceeding

9

one year, which firearm had traveled in interstate and foreign commerce prior to DOYLE's possession of the firearm.

                                                    FURTHER AFFIANT SAYETH NOT.

                                                    _____
                                                    ISKAR E. SMITH
                                                    Special Agent, Bureau of Alcohol, Tobacco, Firearms & Explosives

SWORN TO AND AFFIRMED by telephone July 8, 2025.

_____
Honorable LAURA K. MCNALLY
United States Magistrate Judge

10