UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 25 CR 367 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| MELVIN DOYLE | ) | District Judge |

**GOVERNMENT'S POSITION PAPER**
**REGARDING SENTENCING FACTORS**

Defendant Melvin Doyle, a convicted felon, sold a Glock pistol to a government informant in the lobby of his apartment building. Doyle's possession of a firearm requires imposition of a sentence of zero to six months' imprisonment in order to reflect the seriousness of the offense, provide just punishment, protect the public and deter Doyle and others from committing similar crimes. Such a sentence is sufficient, but not greater than necessary, to comply with the relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## I. FACTUAL BACKGROUND

As set forth in the Government's Version of the Offense, between on or about May 18, 2025, and on or about May 20, 2025, defendant exchanged text messages with an individual who, unbeknownst to defendant, was a law enforcement confidential informant (CI-1), concerning the sale of a Glock pistol to another individual who, unbeknownst to defendant, was also a law enforcement confidential informant (CI-2). As part of that exchange, defendant texted a photograph of a Glock pistol to CS-1, which defendant offered to sell for $800. They arranged for the sale to take place on the afternoon of May 20, 2026.

On May 20, 2025, at approximately 4:30 p.m., CI-1 and CI-2 met with defendant in the lobby of his apartment building, located in the 5800 block of South Doctor Martin Luther King Junior Drive in Chicago, Illinois. Defendant was in possession of a Glock Model 23 Gen 5, .40 caliber semiautomatic pistol, bearing serial number BVLE670. Defendant provided the Glock pistol to CI-1, in exchange for which CI-2 paid defendant $800 in cash.

## II. ADVISORY GUIDELINES CALCULATION

### a. Criminal History Category

The government agrees with the PSR that defendant's criminal history points equal zero and his criminal history category is I. PSR ¶39.

### b. Offense Level

The government objects to the PSR's offense level calculation, which is based upon conduct set forth in the government's complaint (Dkt. 1). For the reasons stated in the Supplemental Government's Version of the Offense, the government is not relying upon that conduct as relevant conduct in its calculation of defendant's offense level. Specifically, the offense level is computed as follows:

| Guideline | Levels |
|---|---|
| §2K2.1(a)(6): defendant is a prohibited person | 14 |
| §3E1.1: acceptance of responsibility | -2 |
| **Offense Level** | **12** |

## III. THE 3553(A) FACTORS WARRANT A SENTENCE OF ZERO TO SIX MONTHS IMPRISONMENT

Despite his serious criminal history and his older age, Doyle sold a firearm in the lobby of his apartment building—a building where he not only lived, but also worked as a janitor at the time. Doyle's cooperation and his good behavior on pretrial release is mitigating, however. Section 3553(a) requires the court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[1] In Doyle's case, a zero to six month sentence is sufficient, but not greater than necessary, to accomplish the purposes of sentencing.

### A. The Nature and Circumstances of the Offense

Doyle's sale of a firearm in the lobby of his apartment building posed a risk to Doyle, to law enforcement, and to innocent bystanders in the community.

### B. Defendant's History and Characteristics

While Doyle's most recent criminal conviction was over 25 years ago, his criminal history is serious. Defendant's interactions with the criminal justice system began at an early age, and he was transferred to IDOC shortly before his seventeenth birthday. PSR ¶65. Defendant admitted being involved in narcotics trafficking as a teenager. *Id*. Most significantly, in 1998, defendant was convicted of attempted murder in the Circuit Court of Cook County and sentenced to 10 years' imprisonment.

---

[1] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." §§ 3553(a)(2)(A)-(D).

PSR ¶30. In 2003, the defendant was convicted of distribution of heroin and sentenced to three years' imprisonment. PSR ¶34.

Defendant reported a traumatic childhood that included exposure to violence, crime, and poverty. PSR ¶59. Defendant reported that his mother was a heroin user who was unable to appropriately care for defendant and his siblings, and that he was physically abused by his mother's boyfriends, as well as sexually abused by a female cousin. PSR ¶¶59-63. Defendant never finished high school, PSR ¶100.

## IV. THE NEED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AND PROVIDE JUST PUNISHMENT AND DETERRENCE

Doyle committed the crime of being a felon in possession of a firearm. The nature and seriousness of the offense is aggravated by a number of factors: first the firearm was sold in the common area of an apartment building, posing a risk to bystanders. Second, despite Doyle's significant criminal history and his age, his actions indicate his lack of understanding of the dangerousness of his firearm transaction.

There is significant mitigation in this case, however, in the form of Doyle's cooperation—as outlined in the Supplemental Government's Version of the offense—and Doyle's good behavior on pretrial release. Doyle has maintained employment and has not incurred any violations. Given these circumstances, and as the government has agreed in the plea agreement, a sentence of zero to six months' imprisonment is sufficient to reflect the seriousness of this offense, promote respect for the law and provide just punishment and deterrence.

## V. SUPERVISED RELEASE

Pursuant to 18 U.S.C. § 3583(b)(2), the Court may impose a term of not more than three years of supervised release. The Guidelines provide for a term of supervised release of one to three years, pursuant to Guideline 5D1.2(a)(2). PSR ¶122.

The government recommends that this Court impose a three-year term of supervised release, which is sufficient, but not greater than necessary, to accomplish the aims set forth in 18 U.S.C. § 3553(a) and § 3583. A three-year term of supervised release provides a significant period during which defendant will be supervised as he reintegrates into society given his prior criminal history, including prior violations of release conditions. In addition to protecting the public from defendant for a period of time sufficient to ensure that he does not reoffend, a three-year term of supervised release provides the necessary structure and supervision to ensure that defendant will take advantage of the treatment and training options provided in order to further protect the public. The government has no objection to the proposed conditions of supervised release proposed by the Probation Office – these conditions are appropriately tailored to permit the Probation Department to monitor defendant while on supervised release, deter defendant from reoffending, protect the public, and provide defendant with needed training and treatment.

## VI. CONCLUSION

For the reasons set forth above and in its Government's Version of the Offense, the government respectfully requests that this Court impose a sentence of zero to six months' imprisonment.

Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

By: *s/Emily C.R. Vermylen*
Assistant United States Attorney
219 S. Dearborn Street
Chicago, Illinois 60604
(312) 469-6309

Dated: September 14, 2026